UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DAMIEN MICHAEL,                                        :
                           Plaintiff,                  :
                                                       :               **OPINION AND ORDER**
v.                                                     :
                                                       :               16 CV 7850 (VB)
ADA PEREZ, OFFICER BETTY WILLIAMS,                     :
NURSE FURCUS, and PA EDWIN                             :
QUINONES, sued in their official and                   :
individual capacity,                                   :
                           Defendants.                 :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Damien Michael, proceeding pro se and in forma pauperis, brings this action

under 42 U.S.C. § 1983, alleging defendants Ada Perez, Betty Williams, Barbra Furco,[1] and

Edwin Quinones violated his constitutional right to privacy.

Now pending is defendants' unopposed motion to dismiss the amended complaint

pursuant to Rule 12(b)(6).  (Doc. #17).

For the reasons set forth below, defendants' motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

In deciding the pending motion to dismiss, the Court accepts as true all well-pleaded

factual allegations in the amended complaint and draws all reasonable inferences in plaintiff's

favor.

Plaintiff was an inmate at Downstate Correctional Facility ("Downstate") at all times

relevant to the amended complaint.

---

[1]     Plaintiff incorrectly identified Barbra Furco as "Nurse Furcus" in the complaint.

1

On July 7, 2016, plaintiff experienced chest pain. Defendant Williams, a corrections officer, escorted him to the infirmary for an emergency sick call. Defendant Quinones, a physician's assistant at Downstate, performed an EKG on plaintiff and found abnormal results. Quinones, while treating plaintiff, asked him whether he had begun treatment for his hepatitis C and HIV. Williams and another corrections officer were present when Quinones asked about plaintiff's medical conditions.

Plaintiff was taken by ambulance to an off-site hospital. He eventually was cleared and returned to Downstate. Upon returning to Downstate, plaintiff notified defendant Furco, a nurse there, that he had missed part of his treatment for a chronic illness. Nurse Furco, in the presence of Officer Williams and other inmates, replied to plaintiff that he would see the doctor in the morning and could receive "medication for his HIV" then. (Am. Compl. ¶ 12). Officer Williams said that Nurse Furco should provide plaintiff with his medication immediately, but "she[2] made it clear that she wanted [plaintiff] to remain a distance from her and the other officer, as [he had] HIV and Hepatitis C." (Am. Compl. ¶ 13).

Plaintiff filed a grievance about the disclosure of his medical information and notified defendant Superintendent Ada Perez, but received no resolution.

## DISCUSSION

I.     Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled

---

[2]     It is ambiguous whether "she" refers to Officer Williams or Nurse Furco.

to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest."  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted).  "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted).  Nor may the Court "invent factual allegations" plaintiff has not pleaded.  Id.

II.      The Motion to Dismiss

Defendants assert that any disclosure of protected medical information did not violate plaintiff's right to privacy because the disclosure occurred in the context of medical treatment of an inmate, a legitimate penological interest.

The Court agrees.

Although not explicit in the Constitution, "the [Supreme] Court has recognized that a right of personal privacy, or a guarantee of certain areas or zones of privacy, does exist under the Constitution." Roe v. Wade, 410 U.S. 113, 152 (1973). This right only applies to "personal rights that can be deemed fundamental or implicit in the concept of ordered liberty." Id. (internal quotation marks omitted). Within this right to privacy, the Supreme Court has identified an "individual interest in avoiding disclosure of personal matters." Whalen v. Roe, 429 U.S. 589, 599 (1977).

"Individuals who are infected with the HIV virus clearly possess a constitutional right to privacy regarding their condition."[3] Doe v. City of N.Y., 15 F.3d 264, 267 (2d Cir. 1994). Generally, intrusions into inmates' constitutional rights are only valid if they are reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. 78, 89 (1987). Thus, prison officials can disclose constitutionally protected medical information "only to the extent that their actions are reasonably related to legitimate penological interests." Powell v. Schriver, 175 F.3d 107, 112 (2d Cir. 1999) (internal quotation marks omitted). "[G]ratuitous disclosure of an inmate's confidential medical information as humor or gossip . . . is not reasonably related to a legitimate penological interest." Id. (emphasis in original).

The Court addresses each defendant in turn.

A.    Defendant Quinones

Plaintiff alleges his right to privacy was violated when, while in the presence of two corrections officers, Physician's Assistant Quinones asked plaintiff about his HIV and hepatitis

---

[3]    It is not clear whether the right to privacy includes disclosure of hepatitis C status. See Alsaifullah v. Furco, 2013 WL 3972514, at *7–*8 (S.D.N.Y. Aug. 2, 2013) (discussing which medical conditions warrant a constitutional right to privacy). Because the Court finds the disclosure of medical information in this case is not a constitutional violation, the Court does not reach this issue.

C treatment. This interaction occurred in the infirmary, while plaintiff was in pain, and after plaintiff's EKG returned abnormal results. The facts as alleged show Quinones disclosed the medical information in the course of providing emergency medical treatment to an inmate, a legitimate penological interest.

To the extent that plaintiff alleges such inquiry should have been made without corrections officers present, courts in this Circuit have found having officers present during medical treatment serves the legitimate penological interest of protecting civilian staff from the threat of violence. See, e.g., Murray v. RC II Nephew, 2015 WL 1730178, at *6 (N.D.N.Y. Apr. 14, 2015).[4]

Accordingly, plaintiff has failed to state a claim against defendant Quinones.

B.     Defendant Furco

Plaintiff alleges Nurse Furco violated his right to privacy when she told him, in front of other inmates and a corrections officer, that he would resume his HIV medication when he met with the doctor the next morning.

As discussed above, Furco's disclosure reasonably related to the legitimate penological interest of inmate treatment. Plaintiff initiated the disclosure by asking about his medication and Furco gave a fulsome answer. Furco's response referring to the medication as one for HIV, although possibly insensitive, does not rise to the level of a constitutional violation because her disclosure was made in the course of providing plaintiff with medical care and not to ridicule or harass plaintiff or to otherwise make light of his conditions.

Accordingly, plaintiff has failed to state a claim against defendant Furco.

---

[4]     Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

C.     Defendant Williams

Although Officer Williams was allegedly present when other prison employees disclosed plaintiff's medical information, plaintiff does not allege that Williams herself further disclosed this information to anyone else.  Even construing plaintiff's ambiguous allegation to imply that Williams asked plaintiff to "remain a distance from her and the other officer, as [he had] HIV and Hepatitis C" (Am. Compl. ¶ 13), there is no allegation that anyone else who did not already know plaintiff's health status heard that statement.

Thus, plaintiff has failed to state a claim against defendant Williams.

D.     Defendant Perez

Plaintiff has failed to allege Superintendent Perez was personally involved in the conduct of which he complains and thus has failed to state a claim against Perez.

"[I]n order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation."  Grullon v. City of New Haven, 720 F.3d 133, 138 (2d Cir. 2013).  Supervisor liability can be premised on allegations that "the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong" or "the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring."  Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).

Here, plaintiff alleged superintendent Perez was informed of his grievance.  However, the claim against Perez fails because, as explained above, the disclosures at issue did not violate plaintiff's constitutional rights.  Superintendent Perez cannot be held liable for failing to remedy a constitutional violation which never occurred.  See Ramos v. Artuz, 2003 WL 342347, at *11 (S.D.N.Y. Feb. 14, 2003) ("[P]laintiff's claim of supervisory liability cannot survive here because . . . there was no constitutional violation.").

Accordingly, plaintiff's Section 1983 claim for violation of his constitutional right to privacy is dismissed as to all defendants.

III.    Leave to Amend

The Court should freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). Moreover, when a pro se plaintiff fails to state a cause of action, the Court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks and citation omitted).

Here, plaintiff has been given ample opportunity to defend his complaint or show he has a valid claim. By Order dated October 17, 2016, the Court ordered plaintiff to file an amended complaint to add the identity of two John Doe defendants. (Doc. #6). Plaintiff filed such an amended complaint. (Doc. #8). In response to defendants' motion to dismiss the amended complaint (Doc. #17), plaintiff twice requested, and was granted, an extension of time to file his opposition to the motion. (Docs. ##20, 21). The Court sua sponte granted a final extension of time to oppose the instant motion. (Doc. #27).

Despite these extensions, plaintiff did not oppose defendants' motion to dismiss the amended complaint. The Court has already given plaintiff a reasonable opportunity to show he has a valid claim, or explain deficiencies in the motion to dismiss, but plaintiff failed to do so in each instance.

Furthermore, even a liberal reading of the amended complaint does not suggest that plaintiff would be able to state a valid claim if given another opportunity to do so. Because all disclosures occurred in furtherance of providing plaintiff medical treatment, a legitimate penological interest, any additional amendment would be futile.

Accordingly, the Court declines to grant plaintiff leave to amend.

## CONCLUSION

Defendants' motion to dismiss the amended complaint is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #17) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: December 1, 2017
      White Plains, NY             SO ORDERED:

                                        Vincent L. Briccetti
                                        United States District Judge